UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Andrea Zimmerman, | Civil No. 20-CV-1336 (ECT/HB) |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO AMEND THE COMPLAINT TO ADD A COUNT FOR BAD FAITH UNDER MINN. STAT. § 604.18** |
| v. | |
| Standard Insurance Company, | |
| Defendant. | |

---

## I) <u>INTRODUCTION</u>

Plaintiff moves the Court for an order allowing her to serve a Second Amended Complaint to allege a violation of Minn. Stat. § 604.18. Fed. R. Civ. Pro. 15 governs Plaintiff's motion to amend and leave to amend should be freely given unless it would be futile. A claim is futile if it could not withstand a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6). In this case Plaintiff's Second Amended Complaint plausibly alleges that Defendant Standard lacked a reasonable basis for denying Plaintiff's claim and Standard knew it did not have a reasonable basis to deny the claim, or it acted in reckless disregard of the lack of a reasonable basis to deny the claim.

## II) <u>FACTS</u>

On December 20, 2018, Plaintiff fell, hit her head, and sustained a concussion. She was subsequently diagnosed with post-concussion syndrome, with her primary symptoms being vestibular complaints and accompanying fatigue. Plaintiff was completely disabled and out of work from December 20, 2018 to January 21, 2019. Since that time she has

only been able to work on a limited part-time basis due to her symptoms. (Plaintiff's Proposed Second Amended Complaint, herein after "SAC," ¶ 7) Plaintiff applied for long-term disability benefits on December 27, 2018; Defendant denied her claim on June 14, 2019. Plaintiff filed an administrative appeal on December 16, 2019 with additional medical records and reports. On April 15, 2020 Defendant denied Plaintiff's appeal. (Id.)

As part of the submission of updated medical records and reports Plaintiff submitted the Noran Neurological Clinic visit of June 27, 2019 to Standard wherein neurologist Dr. Chiasson documented that plaintiff still has difficulty processing visual information, has light sensitivity, difficulty with visual focus and balance dysfunction. It is Dr. Chiasson's opinion that meaningful recovery will not occur for another 6 months and more likely a year before she can resume her previous activities. (SAC, ¶ 8) Plaintiff also submitted the report of her neurologist, Dr. Chiasson, dated November 8, 2019. Dr. Chiasson indicated that at her last visit on August 29, 2019, Plaintiff was still having significant vestibular symptoms and fatigue, despite only working 24 hours a week. Dr. Chiasson disagreed with Standard that plaintiff had recovered after only 8 weeks, as she is still unable to drive, cannot tolerate movement, and gets exhausted, despite working hard to improve her symptoms. (Id.)

Defendant admitted that Plaintiff was disabled through March 20, 2019 but determined that she should have recovered by March 20, 2019—conveniently the end of the elimination period and when disability benefits should have commenced. (SAC, ¶ 9) Defendant's stated reasons for denial were that there was no supporting clinical information for ongoing symptoms beyond March 20, 2019; that there was no neurological

follow-up beyond May of 2019; that there were no significant abnormal diagnostic studies; because Plaintiff's ongoing complaints were "subjective" and because Plaintiff went on two vacations. (SAC, ¶ 10)

Contrary to Defendant's assertions, the medical records contain documented ongoing symptoms beyond March of 2019. Defendant Standard had the records of NovaCare Rehabilitation where Plaintiff underwent vestibular physical therapy twice per month from April 22, 2019 through October 28, 2019, and at each visit documented testing confirmed vestibular deficits and observations of vestibular dysfunction symptoms. (SAC, ¶ 13) Defendant Standard also had records of Plaintiff's follow-up visits with a neuro-ophthalmologist on June 14, 2019, and with her neurologists at Noran Neurological Clinic on June 27, 2019 and August 29, 2019, which also documented continuing symptoms, with no improvement. (SAC, ¶ 14)

Defendant Standard's assertion that there were no significant abnormal diagnostic studies is false, as testing conducted by the National Dizzy & Balance Center on February 21, 2019 revealed a 63% left unilateral vestibular deficit (normal is 22-25%) and on March 15, 2019 gave Plaintiff a Dizziness Handicap Score of 86 (any score greater than 54 indicates a "severe" handicap). (SAC, ¶ 15)

Defendant Standard relied on a paper review by Dr. Syna dated June 6, 2019 in denying Plaintiff's claim. Standard's reliance on this paper review was unreasonable and it knew it was unreasonable. Dr. Syna claimed that the testing showed only a "mild vestibular deficit", where the testing showed it was "severe." The report also stated that Plaintiff's condition had improved because she went on two vacations but cites no medical

3

records to document any improvement. In fact, Standard apparently failed to give Dr. Syna any records beyond her report of June 6, 2019, all of which document not improvement but continuing disabling symptoms. (SAC, ¶ 16)

Defendant Standard did not advise Plaintiff what type of evidence it would consider necessary to support her claims. Standard never requested that Plaintiff attend an independent medical examination or a functional capacities evaluation, and never personally interviewed Plaintiff to gauge her credibility, given that they were denying the claim in part based on "subjective" symptoms. (SAC, ¶ 12) It should be noted that Standard's policy does not contain a "self-reported" symptoms clause to justify relying on subjective symptoms in denying the claim. (SAC, ¶ 11)

### III) FED. R. CIV. PRO. 15 IS THE STANDARD UNDER WHICH TO REVIEW PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

The courts in the District of Minnesota almost universally agree that a motion to amend to assert bad faith claims under Minn. Stat. § 604.18 is governed by Fed. R. Civ. Pro. 15, not by the procedure in Minn. Stat. § 604.18, see, e.g. Selective Insurance Company of South Carlina v. Sela, 353 F.Supp.3d 847 (D. Minn. 2018); Darmer v. State Farm Fire and Casualty Co., 2018 WL 6077985 (D. Minn. Nov. 21, 2018); Redeemed Christian Church of God Strong Tower Parish v. Auto-Owners Ins. Co., 2018 WL 2135018 (D. Minn. May 9, 2018).

In Selective, supra, Judge Schiltz held that under Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co., 559 U.S. 393, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010), a court sitting in diversity jurisdiction must apply the Federal Rules of Civil

Procedure where the state law, Minn. Stat. § 604.18, conflicts with Rules 8 and 15 of the Federal Rules of Civil Procedure. Under Rule 15 leave to amend should be "given freely when justice so requires," unless it would be futile, i.e., it wouldn't withstand a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6). (Id. at 858-859).

In determining futility in the context of a motion to amend to allege bad faith under Minn. Stat. § 604.18, the court must accept as true all facts alleged in the complaint, all inferences are to be construed in plaintiff's favor, and the court cannot consider matters outside of the pleadings, Darmer, supra, at *1-2; Savanna Grove Coach Homeowners' Association v. Auto-Owners Ins. Co., 2020 WL 8811711, *4 (D. Minn. Feb. 24. 2020).

### IV) PLAINTIFF'S MOTION TO AMEND SHOULD BE GRANTED PURSUANT TO FED. R. CIV. PRO. 15

Under Minn. Stat. § 604.18, a court can award taxable costs and attorney's fees if the insured can show:

(1) the absence of a reasonable basis for denying the benefits of the insurance policy; and

(2) that the insurer knew of the lack of a reasonable basis for denying the benefits of the insurance policy or acted in reckless disregard of the lack of a reasonable basis for denying the benefits of the insurance policy.

The Minnesota Supreme Court, in Peterson v. Western National Mutual Ins. Co., 946 N.W.2d 903 (Minn. 2020), analyzed a claim for bad faith under Minn. Stat. § 604.18. The court held that the first prong is an objective test, i.e. "whether a reasonable insurer under the circumstances would not have denied the benefits of the insurance policy." (Id. at 910). To determine this the factfinder considers whether there was a full and fair

investigation and whether the investigation was then fairly evaluated. As stated by the court:

> In contrast, insurers who were paid a premium for the coverage set forth in the policy are expected to reasonably investigate all of the facts and fairly evaluate the claim in light of all of the evidence. They cannot ignore evidence that supports coverage; they must weigh all the evidence in the balance to determine whether coverage exists. (Id. at 911)

The Court rejected the defendant's contention that if it has any evidence in support of its denial of benefits there is no bad faith under Minn. Stat. § 604.18. (Id.)

The court held that the second prong is a subjective inquiry—"…whether the insurer knew, or recklessly disregarded information that would have allowed it to know, that it lacked an objectively reasonable basis for denying the claim." (Id. at 912) This subjective prong can be inferred and imputed to an insurer where there is a reckless indifference to the facts submitted by the insured. (Id.) Evidence supporting the subjective prong was that the insurer failed to fairly evaluate any of the evidence that was favorable to plaintiff's claim and simply ignored evidence that supported the claim. (Id. at 916)

The court rejected the insurer's argument that relying on an independent medical examination means its actions couldn't be unreasonable, where the IME's opinion was directly contradicted by plaintiff's treating physicians and the medical records. The court upheld the trial court's finding that the insurer had violated Minn. Stat. § 604.18.

In Selective Insurance Company of South Carolina v. Sela, 455 F.Supp.3d 841 (D. Minn. 2020) Judge Schlitz held that the insurer had violated Minn. Stat. § 604.18 even though the insurer had hired an independent expert to investigate the claim, where it was

shown that the expert did not review all the relevant evidence and the insurer did not subject the expert's opinion to a fair evaluation.

In Redeemed Christian Church, supra, the court granted plaintiff leave to amend its complaint to allege bad faith under Minn. Stat. § 604.18, even though the defendant had relied on an independent insurance adjuster and an independent engineering firm in denying the claim, where the plaintiff alleged that the insurer's experts conducted an incomplete investigation and the insurer failed to reasonably evaluate its experts' reports.

In Savanna Grove, supra, the court granted plaintiff leave to amend its complaint to allege a violation of Minn. Stat. § 604.18, a case involving storm damage, where plaintiff alleged that a reasonable insurer would have accepted the invoices plaintiff submitted as proof of repairs and found that the amount spent on repairs exceeded what plaintiff was entitled to under the appraisal award—rather than continuing to require more proof and not accept the proof given. The court refused to consider the insurer's arguments that it had acted reasonably, as that goes to the merits of the claim, not as to whether the plaintiff had plausibly alleged a bad faith claim. (Id. at *7)

In Ellis v. West Bend Mutual Ins. Co., 2020 WL 3819410 (D. Minn. July 8, 2020), an underinsured motorist claim, the court allowed plaintiff to amend his complaint to allege bad faith under Minn. Stat. § 604.18. The court held that the plaintiff adequately pled the first objective prong by alleging that the plaintiff's damages were at least two million dollars, and the defendant only offered $100,000 without any explanation for its calculations. The plaintiff also plausibly pled the second, subjective, prong by alleging delay in even responding to plaintiff's demand and failing to provide any reasonable

justification for denying the bulk of plaintiff's claim. As to defendant's argument that it had reasonable justifications, the court refused to consider them, as they went to the merits of the claim, and the parties were entitled to pursue discovery on the merits. (Id. at *3).

In this case, Plaintiff's Second Amended Complaint plausibly alleges that the Defendant's conduct in evaluating this claim violated Minn. Stat. § 604.18. Standard, in evaluating this claim, ignored or discounted the medical records, medical reports and treating physician's medical opinions that supported Plaintiff's claim. Defendant's reliance on Dr. Syna's June 6, 2019 paper review was unreasonable. Dr. Syna mischaracterized the testing results as "mild" when they were "severe" and claimed that Plaintiff's condition had "improved" because Plaintiff was able to take two vacations, where the medical records clearly showed no improvement and continuing disability.

Defendant Standard failed to conduct a reasonable investigation as it failed to request an independent medical examination, a functional capacity evaluation, or even an in-person interview, particularly where Standard is relying on the presence of "subjective symptoms" to deny the claim.

## V) <u>CONCLUSION</u>

Plaintiff respectfully submits that her Second Amended Complaint plausibly alleges that Defendant Standard may be liable for violation of Minn. Stat. §604.18, and Plaintiff should be given leave to serve her Second Amended Complaint.

Dated: February 25, 2021	**NOLAN, THOMPSON, LEIGHTON & TATARYN, PLC**

By: s/Robert J. Leighton
    Robert J. Leighton, Jr. (#220735)
    Attorneys for Plaintiff
    1011 1st Street South, Suite 410
    Hopkins, MN 55343
    Phone: 952-405-7171
    Email: rleighton@nmtlaw.com